IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HENRY LEE DENNIS (# L3904)                                             PETITIONER

v.                                                                 No. 4:05CV147-P-B

SUPERINTENDENT LAWRENCE KELLY, ET AL.                         RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Henry Lee Dennis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

**Facts and Procedural Posture**

The petitioner is in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted of one count of armed robbery in the First Judicial District of the Circuit Court of Carroll County, Mississippi. The petitioner was sentenced to serve a term of twenty-seven years in the custody of the Mississippi Department of Corrections. Court Papers ("C.P."), p. 45.

The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by the petitioner):

A.  Whether the trial court erred when it permitted testimony and evidence of an unduly suggestive photographic lineup identification of the defendant thereby rendering any subsequent in-court identification unreliable?

On October 19, 2004, the Mississippi Court of Appeals affirmed petitioner's conviction and sentence. *Dennis v. State*, 904 So. 2d 1134 (Miss. 2004)(Cause No. 2003-KA-00221-COA).

On March 3, 2005, the petitioner filed an "Application For Leave To File Post Conviction Motion Into The Circuit Court Of Carroll County" in the Mississippi Supreme Court in which he raised the following issues (as stated by petitioner):

> A. Ineffective Assistance Of Counsel In The Failure To Strike Biased Jurors From The Panel
>
> B. Ineffective Assistance Of Counsel In The Failure To Investigate The Case Against Henry Lee
>
> C. Trial Court Abused Its Discretion And The Right To Due Process By Not Granting The Instructions On The Lesser-Included Offense Of Robbery
>
> D. Ineffective Assistance Of Appellate Counsel

The supreme court denied the application March 16, 2005, stating in pertinent part:

> After due consideration, the panel finds that Dennis' claims that he received constitutionally ineffective assistance of counsel, at trial and on appeal, fail to meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). The panel further finds Dennis' claims regarding the proposed jury instructions could have been raised at trial or on appeal and are procedurally barred. Miss. Code Ann. § 99-39-21(1). The panel finds that Dennis has failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5). Accordingly, Dennis' application for post-conviction relief should be denied.

In the instant Petition for Writ of Habeas Corpus, Dennis raises the following grounds (as stated verbatim by the petitioner):

> **Ground One**: Unduly suggestive lineup and permitted testimony and evidence of unduly suggestive photographic lineup
>
> **Ground Two**: Biased jurors & ineffective assistance of trial counsel and failure to investigate
>
> **Ground Three**: Trial court violated due process in failing to grant jury instructions on lesser included offense
>
> **Ground Four:** Ineffective assistance of appellate counsel

## Ground One: Procedurally Defaulted

Ground One of the instant petition (unduly suggestive lineup) has never been presented to the state's highest court in a procedurally proper manner. Ground One was reviewed and denied by the Mississippi Court of Appeals October 19, 2004. The petitioner, however, had the right to seek further review. He did not petition the Mississippi Court of Appeals for rehearing, nor did he seek a writ of certiorari in the Mississippi Supreme Court.

The decision rendered by the Court of Appeals is final and not reviewable except by writ of certiorari. Appellants have no right to review by the Mississippi Supreme Court, but they do have the right to seek such review. *Cohen v. State,* 732 So. 2d 867, 871 (Miss. 1999). In this case, Dennis did not file a petition for rehearing in the Mississippi Court of Appeals, which further foreclosed his ability to file a petition for writ of certiorari under MISS. R. APP. P. 17(b). As the petitioner did not seek discretionary review with the Mississippi Supreme Court, he has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(c); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999) (holding that federal *habeas corpus* petitioners must seek discretionary review in a state's highest court to exhaust state remedies). In addition, the petitioner cannot now exhaust this claim because the time for filing such a petition has long expired. MISS. R. APP. P. Rules 40 and 17(b). As such, the petitioner's claim in Ground One of the instant petition is procedurally barred under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice. *O'Sullivan*, 119 S.Ct. at 1734 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In order to overcome the procedural default, the petitioner must demonstrate cause for the

default and actual prejudice resulting from it. *Coleman,* 501 U.S. at 750; *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). The petitioner has not shown "cause" for his default because no external impediment existed to prevent him from raising and discussing this claim as a ground for relief in a petition for writ of certiorari in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). Absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice. *Martin, supra*; *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Finally, the court's decision not to review these claims on the merits will not result in a fundamental miscarriage of justice because the petitioner has not shown that "as a factual matter, [] he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner has procedurally defaulted his claims in Ground One; as such, these claims shall be dismissed with prejudice.

## Ground Three: Procedurally Barred

Ground Three of the instant petition (failure to offer lesser offense jury instruction) was raised in the petitioner's state motion for post-conviction relief and held to be procedurally barred by the Mississippi Supreme Court. As such, the court is precluded from reviewing Ground Three of the instant petition. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The Mississippi Supreme Court found the claim Ground Three to be procedurally barred under MISS. CODE ANN. § 99-39-21(1) because the claim

could have been raised at trial or on direct appeal.[1]  Section 99-39-21(1) is an independent state procedural bar.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).  The adequacy of the bar depends on "whether Mississippi has strictly or regularly applied it."  *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)).  However, the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself."  *Id*.  The petitioner has not discussed the adequacy of the bar and has thus defaulted this claim.  *Id*. at 861.

As the petitioner has not shown that something external to him has prevented his prosecution of this claim in state court, he cannot show cause for his default under the "cause and prejudice" exception to procedural bar.  *Coleman*, 501 U.S. at 753.  He has not shown cause for his default; as such, there is no need to discuss whether application of the default cause him actual prejudice.  *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).  Finally, the court's decision not to review this claim on the merits will not result in a fundamental miscarriage of justice because the petitioner has not shown that "as a factual matter, [] he did not commit the crime of conviction."  *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  For these reasons, Ground Three of the instant petition shall be

---

[1] MISS. CODE ANN. § 99-39-21(1) provides:

Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

dismissed with prejudice.

## Grounds Two and Four: Denied on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds Two and Four on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a

question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds Two and Four of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground Two: Ineffective Assistance of Trial Counsel**

In Ground Two, the petitioner alleges several claims of ineffective assistance of trial counsel: (1) defense counsel permitted biased jurors to serve on the jury; (2) defense counsel failed to investigate the circumstances of petitioner's arrest and failed to call any defense witnesses; and (3) defense counsel failed, during voir dire, to specifically question the jurors

regarding whether they knew the victim.

A petitioner must satisfy two elements to warrant *habeas corpus* relief for ineffective assistance of counsel: (1) constitutionally deficient performance by counsel, and (2) actual prejudice as a result of the deficient performance. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A court must view such a claim from counsel's perspective at the time, not with the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). The court must consider all circumstances in determining whether the performance was reasonable under prevailing professional standards, *Lavernia*, 845 F.2d at 498, and a strong presumption exists that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different – or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). There is no constitutional entitlement to error-free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982).

To prove ineffective assistance of counsel, the petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

The petitioner first alleges that defense counsel permitted biased jurors to serve on the jury. He claims that Juror No. 5, Ms. Johnnie Mabry, was biased because her family was involved in law enforcement, that jurors Howard Swindle (#15), Angela Costilow (#29) and Rhea Crawford (#32), were biased because they knew the owner of the store that was robbed, and that Juror No. 27, Rosie Glover, was biased because she knew potential witness, Spencer Harris. Ms. Mabry stated that the fact that her family was involved in law enforcement would not impact her ability to be fair and impartial. S.C.R. at 14. Jurors Costilow, Glover and Crawford each stated under oath that the fact that they knew the owner of the store would not cause them to be biased. S.C.R. at 23, 29, 32. Finally, Rosie Glover stated that she only knew of Spencer Harris because he worked with her husband at one time, and that distant relationship would not impact her ability to be fair and impartial. S.C.R. at 28. In addition, Spencer Harris did not testify. Defense counsel was entitled to rely on the jurors' answers regarding their ability to be fair and impartial. It was a matter of trial strategy for defense counsel to determine how to exercise challenges to various members of the venire. The petitioner has not shown that these jurors were biased; as such, defense counsel was not deficient in his decision not to challenge them. Counsel's actions were not deficient; therefore the petitioner was not prejudiced by counsel's tactics.

In his second claim of ineffective assistance of counsel, the petitioner argues that defense counsel was deficient in failing to investigate the circumstances surrounding the arrest of

petitioner – and in failing to call any witnesses for the defense. The standard for investigation of the facts is:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91. The "duty to investigate and prepare is, however, far from limitless, and not every breach thereof will mean that counsel has failed to render reasonably effective assistance. '[C]ounsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers.'" *Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981)(citation omitted). The record does not support the petitioner's contention that defense counsel failed to investigate the case. Indeed, counsel was well-prepared to try the case. He filed multiple pretrial motions seeking to suppress evidence, including a motion to suppress the confession, and he thoroughly cross-examined the state's witnesses.

It appears that the witness the petitioner contends should have been called is Elliott Sanders, the customer who was in the store at the time of the robbery. "'Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative. Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.'" *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001)(quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(citations omitted). The standard of ineffective

assistance for failing to call a witness is that had the witness in question been called, the jury would have had a reasonable doubt about the petitioner's guilt. *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998). The petitioner's mere speculation that the witness Sanders would have testified someone else robbed the store is completely unfounded. Nothing in the record suggests that Sanders' testimony would have been favorable. Indeed, defense counsel initially sought a continuance so that he could locate Sanders and question him. The trial court denied the motion. S.C.R. at 2-6. Two days later, counsel withdrew the motion for continuance on the basis that Sanders was present and that counsel had spoken with him. S.C.R. at 8. As counsel had the opportunity to speak with Sanders at the courthouse and chose not to call him, it appears that any information that Sanders might have provided was not helpful to the petitioner's case. The selection of witnesses to call at trial is matter of strategy.

In light of the victim's unequivocal identification of the petitioner – and the petitioner's confession – there is little any attorney could have done to change the outcome of the trial. The petitioner has thus shown neither deficiency nor prejudice; as such, his second claim of ineffective assistance of counsel must be dismissed.

In his third ineffective assistance claim, the petitioner argues that during voir dire defense counsel failed to ask the jurors whether they knew the victim. The court itself, however, asked the potential jurors if anyone knew or was related to the victim, Jacqueline Benford. S.C.R. at 21-22. None of the potential jurors raised a hand acknowledging that they knew the victim or were related to her, and the court immediately followed up its question about the victim with the next question, which was whether any of the jurors knew Money Pillai, the owner of the store that was robbed. S.C.R. at 22. The victim's name was also brought up later in the voir dire –

after the court had gone through numerous witnesses – when the prosecutor asked whether the court had mentioned Benford's name. S.C.R. at 22-31. The judge acknowledged that he had already brought up her name. S.C.R. at 31. Any juror who might have missed Benford's name the first time could have indicated to the court that he knew the victim. No one indicated as such. *Id*. In addition, during the voir dire by the defense, defense counsel made the following inquiry:

> And let me start off – I think the district attorney touched on this, but just to make sure. Is anyone here that's heard one of the prior questions, maybe thought about it some more and maybe you want to respond to any of the prior questions that's been asked up to this point?
>
> And – because I know sometimes you think, well, maybe that doesn't apply to me or maybe it does. And I'll probably be the last one asking questions right here. This is your - - probably your last opportunity.
>
> So I don't see anybody raising their hands. So nobody wants to respond to any prior question. And if you have anything, just raise your hand and catch my attention.

S.C.R. at 53. None of the potential jurors had anything to add, change or clarify. *Id*.

The venire was questioned about the victim. Further, the petitioner has not shown that any of the jurors actually knew the victim and, therefore, he can show no prejudice. The Mississippi Supreme Court's holding that trial counsel was not ineffective under the *Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law. As such, the petitioner's claims in this ground shall be dismissed.

### Ground Four: Ineffective Assistance of Appellate Counsel

In Ground Four, Dennis alleges that he was denied effective assistance of appellate counsel in that his attorney raised only one issue on appeal (a challenge to the court's failure to

suppress the photographic line-up) and should have raised all of the issues that trial counsel asserted in his motion for new trial. C.P. at 42-43. Those issues include a challenge to the sufficiency of the evidence, the denial of jury instructions, the failure to exclude evidence objected to by the defense, the court's failure to suppress the confession and the constitutionality of the sentence. *Id*.

The two-pronged test of *Strickland* applies to claims of ineffective assistance of appellate counsel, *Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985), and is applied under the framework set forth in *Jones v. Barnes*, 463 U.S. 745 (1985). Appellate counsel does not have a duty to raise every "colorable" claim on appeal; instead, counsel has broad discretion in determining which issues are more likely to be successful . *Jones*, 463 U.S. at 751-754.

The petitioner's counsel indeed raised only one issue on appeal. It appears, however, that counsel was merely raising the only claim he believed to survive an appeal. A review of the record would lead a practiced attorney to believe that the remaining issues in the motion for a new trial were meritless. The trial court held a lengthy hearing regarding the suppression of the confession. S.C.R. at 84-136. The prosecution introduced overwhelming evidence that an armed robbery occurred – and that the petitioner perpetrated the robbery. Thus, a challenge to the sufficiency and weight of the evidence – or to the denial of a lesser included offense instruction – would have been frivolous. Finally, the petitioner's claim that his sentence was cruel and unusual would not survive on appeal because the trial court imposed a sentence less than life based on actuarial tables regarding life expectancy. S.C.R. at 272-273. Appellate counsel was not deficient in his decision to forego raising the additional claims on direct appeal. Absent deficient performance, there can be no prejudice.

For these reasons, the court holds that the state court's rulings on the petitioner's claims of ineffective assistance of counsel were reasonable in law and in fact. As such, these claims shall be dismissed with prejudice.

In sum, all of the petitioner's claim shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 15th day of May, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE